Charles J. Gaughan, J.
The petitioner is an inmate of the Erie County Penitentiary upon being adjudged a probation violator in the City Court of Buffalo following his conviction of assault in the third degree. In his instant application, which is in the nature of a petition for a writ of habeas corpus, he claims that his detention is unlawful because: (1) his commitment was signed by a City Court Judge other than the one who sentenced him and (2) that his sentence should have expired on March 29, 1965, since he is entitled to 51 days’ credit under subdivision 6 of section 213 of the Mental Hygiene Law for time spent at the Buffalo State Hospital Narcotics’ Clinic as a condition of his probation.
The court finds no merit to either of these contentions. First, a commitment, being a mechanical procedure by which a person is relegated to the custody of prison or penitentiary authorities, may be signed by any Judge or Magistrate having jurisdiction, if based on a valid judgment of conviction. Secondly, subdivision 6 of section 213 of the Mental Hygiene Law does not apply to cases of this sort. Its application is limited to those instances in which the criminal charges are held in abeyance during treatment at an authorized narcotics’ clinic. Here the criminal charge was disposed of prior to the petitioner’s sojourn at the Buffalo State Hospital. The petition is denied.